UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDRA CHAVARRIAGA, | Civil Action No. 12-4313 (MAS) (TJB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, et al, | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

     This matter having been opened by the Court *sua sponte* based on Plaintiff's failure to comply with Court Orders and prosecute her case. For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

## BACKGROUND AND PROCEDURAL HISTORY

     On May 7, 2012, Plaintiff Alexandra Chavarriaga (hereinafter "Plaintiff") filed a Class Action Complaint against Defendants State of New Jersey Department of Corrections (hereinafter "NJDOC"), Jeffrey S. Chiesa, Gary M. Lanigan, Greg Bartkowski, Janice Brown, John Doe #1, John Doe #2, and Jane Doe (collectively, "Defendants") with the Superior Court of New Jersey, Mercer County, alleging  constitutional violations while confined at Edna C. Mahan Correctional Facility, in Clinton, New Jersey. [*Plaintiff's Class Action Complaint*, Docket Entry No. 1, Ex. A]. The matter was removed on July 12, 2012, by Defendants Jeffrey S. Chiesa, Gary M. Lanigan, and Janice Brown. [*Defendants' Notice of Removal*, Docket Entry No. 1]. On August 29, 2013, Defendants filed a motion to dismiss Plaintiff's claims and a motion for summary judgment in their favor. [*Defendants' Motion for Summary Judgment*, Docket Entry No. 57].

On March 27, 2014, this Court (1) granted Defendants', Jeffrey S. Chiesa and Gary M. Lanigan, motion for summary judgment with respect to Plaintiff's claims against them, (2) dismissed with prejudice Plaintiff's remaining claims in the complaint, for failure to state a claim, (3) dismissed with prejudice Plaintiff's claims against all remaining and unidentified Defendants, (4) dismissed with prejudice Plaintiff's claims against Defendant NJDOC based on Eleventh Amendment immunity, (5) denied Plaintiff's cross-motions for sanctions against Defendants' counsel, (6) denied Plaintiff's cross-motion for class certification.  [*District Court Order*, Docket Entry No. 84].

Plaintiff appealed the March 27, 2014 order to the Court of Appeals for the Third Circuit. [*Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210 (3d Cir. 2015), Docket Entry No. 87].  The Third Circuit heard arguments for this appeal on June 18, 2015.  [*Id.*].  The Third Circuit (1) affirmed the order of summary judgment in favor of Defendants Jeffrey S. Chiesa, Gary M. Lanigan, and Janice Brown, (2) reversed the order of dismissal in favor of the unnamed Defendants on the Eighth and Fourteenth Amendment claims, (3) reversed the order of dismissal of Plaintiff's Eighth and Fourteenth Amendment claims and parallel state-law claims against Jane Doe, (4) reversed the order of dismissal of Plaintiff's Fourteenth Amendment equal protection claims and parallel state-law in favor of the unnamed and fictional Defendants, (5) reversed the dismissal of Plaintiff's body cavity search claim in violation of New Jersey regulations, (6) affirmed without prejudice the order denying Plaintiff's motion for class action certification, (7) affirmed the order denying Plaintiff's motions for partial summary judgment and for assessment of sanctions against the participating Defendants' counsel, and (8) remanded the case to the District of New Jersey. [*Id.*].

On remand, this Court entered an Order setting a telephone Status Conference for December 9, 2015 at 10:00 a.m. and instructing Plaintiff to initiate the conference. [Docket Entry No. 88]. Plaintiff's counsel failed to initiate the call for the December 9, 2015 status conference and efforts to contact Plaintiff's counsel at 10:00 a.m. were unsuccessful. [*Letter Order*, Docket Entry No. 91]. Plaintiff's counsel, however, appeared in the courthouse at approximately noon and given that the Court was not available, was informed that the conference would be rescheduled. [*Id.*]

On December 16, 2015, notice via CMECF was sent indicating that the new telephonic Status Conference via telephone was set for December 28, 2015 at 10:00 a.m. [*Id.*]. Plaintiff's counsel was to initiate the call, but again failed to do so. [*Id.*]. Efforts to reach Plaintiff's counsel by telephone were not successful nor was the Court able to leave a message. [*Id.*].

On December 28, 2015, in response to Plaintiff's failures to move this case forward, this Court issued a Letter Order requiring that, by January 8, 2016, Plaintiff's counsel submit an explanation as to his conduct and to advise whether he is capable of/interested in representing Plaintiff. [*Id.*]. Plaintiff's counsel, Mr. Fredric J. Gross, subsequently advised that, for personal reasons, he would be unable to continue representing Plaintiff. Counsel further advised that he sent a copy of this letter to his client. [*Id.*].

By Letter Order dated January 6, 2016, this Court directed Plaintiff to retain new counsel by February 29, 2016, or she will be deemed *Pro Se*. [*Id.*]. Additionally, by that date, Plaintiff was instructed to state explicitly confirm whether she has chosen new counsel or whether she would be representing herself *Pro Se*. [*Id.*]. Not having heard from the Plaintiff, on March 2, 2016, an Order to Show Cause was issued as to why this case should not be recommended for dismissal based on Plaintiff's failure to abide by this Court's Orders. [Docket Entry No. 93].

3

Plaintiff was instructed to submit a position paper stating why this case should not be recommended for dismissal with prejudice by March 14, 2016. [*Id.*]. Plaintiff was also ordered to appear in person on March 21, 2016 at 1:00 PM to show cause why this case should not be dismissed. [*Id.*].

Plaintiff has failed to abide by the Court's Order. Plaintiff failed to submit the required position paper by March 14, 2016. Plaintiff also failed to appear at the Order to Show Cause hearing on March 21, 2016. Plaintiff made no effort to contact or appear before this Court on March 21, 2016 or any time since.

## Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders, and/or prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id.* Generally, in determining whether to impose an involuntary order of dismissal, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure

41(b).  *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

This Court has considered the *Poulis* factors in determining that it would recommend that this matter be dismissed with prejudice.  The Court's analysis follows:

1. **Plaintiff's Personal Responsibility:**  Due to Plaintiff's failure to name replacement counsel by February 29, 2016, she has chosen to proceed *pro se* in this matter, and is therefore, unequivocally responsible for her failure to comply with the Court's Orders.

2. **Prejudice to Defendant:**  Plaintiff's failure to comply with the Court's Orders has caused manifest injustice to Defendants.  Plaintiff initiated this action and has done essentially nothing since the case was remanded.  Plaintiff's actions, or, more appropriately, lack thereof, support dismissal of this matter.  *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:**  Plaintiff has a history of dilatoriness.  Plaintiff failed to respond to this Court's order to name replacement counsel.  Plaintiff has also failed to timely submit the position paper required by the OTSC entered in this matter – in fact, no position paper was ever submitted – and Plaintiff failed to appear at the OTSC hearing.  Plaintiff's inaction in this regard supports the dismissal of her claims with prejudice.

4. **Willfulness or Bad Faith:**  The Court does not on this record find that Plaintiff proceeded in bad faith.  The Court does, however, find that Plaintiff's conduct has been willful.  The record of Plaintiff failing to comply with the Court's Orders, including the OTSC, supports a finding of willfulness.  It further supports the dismissal of this matter with prejudice.

5. **Effectiveness of Alternative Sanction:**  The record of Plaintiff's unresponsiveness suggests that alternative sanctions would be futile.  Despite being given additional time to contact all counsel and set up a status conference, Plaintiff failed to do so.  In addition, despite being warned of the consequences of her continued inaction and being faced with the scheduled OTSC hearing, Plaintiff did not submit a position paper in advance of the hearing, as required by the Court, nor did Plaintiff appear at the OTSC hearing.  On these facts, the Court finds that no lesser sanction would be effective.  *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:**  In light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiff's claims.

Under these circumstances the Court finds that dismissal of Plaintiff's claims with prejudice is warranted.  Plaintiff voluntarily filed this case yet ever since the remand, she has failed to take any steps toward advancing the case to trial.  Plaintiff has not been in contact with this Court, despite being advised that her counsel has been relieved and that if she did not advise this Court of her intentions and did not appear at the hearing on March 21, 2016, her complaint may be dismissed.  Plaintiff's actions in this regard demonstrate a pattern of non-compliance with her obligations under the Federal Rules of Civil Procedure and a failure to prosecute this matter which she initiated against Defendant.  As a result, this Court recommends that this matter be dismissed with prejudice.

<u>Conclusion</u>

The Court having considered this matter pursuant to FED.R.CIV.P. 78 and having given consideration to the *Poulis* factors;

IT IS on this 4th day of April, 2016,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation. Pursuant to L.Civ.R. 72.1(c)(2), Plaintiff may object to the Magistrate Judge's Report and Recommendation within 14 days after being served with a copy thereof.  A copy of this Order is to be sent to the following address:

Alexandra Chavarriaga
8743 Orchard Ave.
Pennsauken, NJ 08109-3839.


s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**